UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 23-cv-04425-RGK-ASx | Date | July 21, 2023 |
|---|---|---|---|
| Title | *Susan Lea v. United States* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 13] and Defendant's Motion to Dismiss [DE 9]

## I.  INTRODUCTION

On December 15, 2023, Susan Lea ("Plaintiff") filed a Complaint against United States Postal Service ("USPS") employees Jazmin Martinez and Brian Gill in the Superior Court of the State of California for the County of Ventura. (ECF No. 1-1.) Plaintiff alleges breach of contract, common counts, fraud, and intentional tort. On June 6, 2023, Jazmin Martinez removed the action to this Court and substituted herself and Brian Gill for the United States of America ("Defendant") pursuant to 28 U.S.C. § 2679(d)(2). (ECF Nos. 1, 6.)

Presently before the Court are Plaintiff's Motion to Remand (ECF No. 13) and Defendant's Motion to Dismiss (ECF No. 9). For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS without prejudice** Defendant's Motion to Dismiss.

## II.  FACTUAL BACKGROUND

The following facts are alleged in the Complaint unless otherwise stated:

Plaintiff is an attorney that represented an individual named Luke Tooker ("Tooker"). On April 15, 2022, Tooker ordered roughly $600 worth of trading cards from an online retailer. These cards were taken to USPS to be shipped by priority mail with $50 of insurance and $11.75 of postage. In accepting these cards, USPS promised to protect the package in the mail system. This promise was fraudulent, however. As it turned out, USPS operated a mail theft ring at Ballard Mail Annex, one of its mail processing facilities. Ultimately, the trading cards were sent to Ballard Mail Annex and stolen.

After learning of the theft, Tooker worked with Plaintiff to pursue administrative remedies. Tooker's efforts were unsuccessful, however. USPS hacked into Plaintiff's and Tooker's computers to destroy the package's location tracking information, changed the USPS website to make it appear that the package was lost, and destroyed correspondence from a USPS manager who admitted that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 23-cv-04425-RGK-ASx | Date | July 21, 2023 |
|---|---|---|---|
| Title | *Susan Lea v. United States* | | |

package was stolen at Ballard Mail Annex. This was all part of a deliberate ploy to conceal USPS's fraud and theft.

After failing to obtain relief through administrative channels, on November 3, 2022, Tooker assigned all his rights, remedies, and causes of action against USPS to Plaintiff through an assignment agreement attached to Plaintiff's Motion to Remand. (Pl.'s Mot. Remand, Ex. B, ECF. No. 13.) Plaintiff subsequently filed the instant action, representing herself pro se.

### III. PLAINTFF'S MOTION TO REMAND

#### A. Judicial Standard

After a defendant files a notice of removal, a plaintiff may file a motion to remand the case back to state court due to procedural defects in the removal or because the court lacks subject matter jurisdiction. 28 U.S.C. § 1447. Generally, "[a] notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant" of the initial pleading. 28 U.S.C. 1446(b)(1). And "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Under the Federal Torts Claims Act ("FTCA"), any civil action involving a defendant employee who was "acting within the scope of his office or employment" with the United States at the time of the incident out of which the claim arose must be removed to the district court in which the action is pending. 28 U.S.C. § 2679(d)(2). The removal can take place any time before trial. 28 U.S.C. §§ 2679(d)(2)–(3). Additionally, the United States is substituted as a party. *Id.* Removal is proper once the Attorney General certifies that the employee was acting within the scope of his or her employment with the United States. *Id.* This certification "conclusively establish[es] scope of office or employment for purposes of removal." *Id.*

#### B. Discussion

Plaintiff argues for remand because (1) Plaintiff asserts only state law claims thereby precluding federal question jurisdiction, (2) there is no diversity of citizenship for diversity jurisdiction, (3) Defendant's removal was untimely under 28 U.S.C. § 1446(b), and (4) the Attorney General failed to certify that he has personal knowledge of the case, provide facts that would support his certification, and sign under penalty of perjury, rendering the certification invalid and violating various California procedural rules and Plaintiff's due process rights. The Court disagrees.

First, Defendant removed the action under 28 U.S.C. § 2679. As explained above, § 2679 allows the United States to remove at any time before trial a civil action involving a defendant employee acting within the scope of his office or employment under the United States. Federal question and diversity are not required. Nor is Defendant required to remove within the window set forth by 28 U.S.C. § 1446(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 23-cv-04425-RGK-ASx | Date | July 21, 2023 |
|---|---|---|---|
| Title | *Susan Lea v. United States* | | |

*See Osborn v. Haley*, 549 U.S. 225, 243 (2007) (holding that § 1446 does not apply to removals under § 2679). In such a case, "exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Id.* at 231.

Second, Plaintiff's arguments surrounding the Attorney General's certification do not require remand. Plaintiff argues that the Attorney General's certification is improper for a litany of reasons. Plaintiff offers no binding authority that suggests that the certification is in any way flawed, however.[1] Indeed, courts routinely accept identical or nearly identical certifications. *See, e.g.*, Certification of Scope of Federal Employment, *Sinh Vinh Ngo Nguyen v. Deirdre Z. Eliot, et al.*, 2:21-cv-09878-DMG-PVC (C.D. Cal. Mar. 22, 2023), ECF No. 17-1.

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

### IV. DEFENDANT'S MOTION TO DISMISS

#### A. Judicial Standard

##### 1. *Rule 12(b)(1)*

Dismissal is appropriate under Rule 12(b)(1) where a court lacks subject matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1). The Court begins with the principle that "[f]ederal courts are courts of limited jurisdiction" and presumptively lack jurisdiction over an action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US. 375, 377 (1994). The burden of demonstrating subject matter jurisdiction rests on the party asserting jurisdiction. *Id.*

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). One of the essential components of the Article III case-or-controversy requirement is that a plaintiff must have standing. *Id.*

There are three elements that need to be met for a party to have standing to bring a suit in federal court: (1) an injury in fact, (2) a causal connection between the injury and the Defendant's conduct, and (3) the injury will likely be redressed by a decision in the Plaintiff's favor. *Id.* at 560–61.

---

[1] Of note, Plaintiff cites the California Rules of Court, California Code of Civil Procedure, and the California Evidence Code to argue that the certification is invalid, and therefore violates her due process rights. It is well-established that federal courts apply state substantive law and federal procedure. *See generally Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). As such, California procedural rules have no bearing on this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 23-cv-04425-RGK-ASx | Date | July 21, 2023 |
|---|---|---|---|
| Title | *Susan Lea v. United States* | | |

2. *Rule 12(b)(6)*

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**B.  Discussion**

Plaintiff asserts four claims against Defendant: breach of contract, common counts, fraud, and intentional tort. Defendant argues that each claim fails because Plaintiff lacks standing to sue, Plaintiff failed to exhaust her administrative remedies, and the FTCA precludes claims that involve the loss, miscarriage, or negligent transmission of postal matter pursuant to 28 U.S.C. § 2680(b). The Court begins with standing.

As explained above, Plaintiff brings this action based on USPS's alleged mishandling of a package. However, Plaintiff admits in her Complaint that Tooker sent the package, paid for its insurance and postage, and was harmed because of USPS's actions. Thus, Tooker was injured, not Plaintiff. In her Opposition, Plaintiff points to no facts that demonstrate that she was injured by Defendant's alleged wrongdoing. Rather, she argues solely that she has standing through an assignment she executed with Tooker. Thus, to determine whether Plaintiff has standing, the Court must determine whether this assignment was valid.

The Assignment of Claims Act states that an assignment of a claim against the United States government "may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claims has been issued." 31 U.S.C. § 3727(b). If these requirements are not met, the assignment is invalid. *Cadwalder v. United States*, 45 F.3d 297, 299 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 23-cv-04425-RGK-ASx | Date | July 21, 2023 |
|---|---|---|---|
| Title | *Susan Lea v. United States* | | |

Here, Plaintiff does not argue that any of the requirements for a valid assignment are met. Rather, Plaintiff argues that the requirements do not apply to her, arguing that *Cadwalder* is factually distinct and that 31 U.S.C. § 3727(b) is abrogated by an exception set forth by 39 U.S.C. § 410(a). Both arguments fail.

First, the facts of *Cadwalder* are irrelevant. Plaintiff is correct that *Cadwalder* involved claims for fire damage rather than stolen mail. But the facts of *Cadwalder* have no bearing on its straightforward holding that the failure to meet the requirements of the Assignment of Claims Act renders an assignment invalid. Nowhere does *Cadwalder* suggest that this outcome would be any different had the claim been for anything other than fire damage.

Second, 39 U.S.C. § 410(a) does not create an exception to 31 U.S.C. § 3727(b). Plaintiff argues that § 410(a) creates an exception because it states that "no Federal law dealing with public or Federal contracts . . . shall apply to the exercise of the powers of the Postal Service." 39 U.S.C. § 410(a). Plaintiff's argument appears to be based on a misreading of the plain language of the statute, however. Section 410 states that it only abrogates laws that "apply to the *exercise of the powers* of the Postal Service." 39 U.S.C. § 410(a) (emphasis added). "It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute." *Rizo v. Yovino*, 950 F.3d 1217, 1224 (9th Cir. 2020) (quoting Norman J. Singer & Shambie Singer, 2A *Sutherland Statutory Construction* § 46:6 (7th ed.)). It must follow that the statute does not abrogate laws that simply apply to the Postal Service, but laws that would affect the exercise of the Postal Service's powers. The Assignment of Claims Act is not such a law, as it simply concerns the rights of third parties doing business with the Postal Service. To hold otherwise would be to render the phrase "exercise of powers" meaningless, which is untenable.[2]

Nevertheless, Plaintiff argues that the Court should find that § 410(a) applies based on *Spodek v. United States*, which held that a similar statute, the Anti-Assignment Act, did not apply to USPS because of § 410. *Spodek v. United States*, 46 Fed. Cl. 819, 825 (2000). However, this decision is from a district court in another circuit and is therefore not binding. Absent any binding authority, the Court finds no justification to hold that § 410(a) relieves Plaintiff of her obligation to meet the requirements for a valid assignment under the Assignment of Claims Act.

---

[2] The Court's conclusion that the phrase "exercise of powers" has meaning is further corroborated by § 410(b)'s omission of that language. Section 410(b) opens with: "The following provisions shall apply *to the Postal Service*." 39 U.S.C. § 410(b) (emphasis added). This suggests that whereas § 410(b) broadly applies to the Postal Service, § 410(a) more narrowly applies only to "the exercise of the powers" of the Postal Service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 23-cv-04425-RGK-ASx | Date | July 21, 2023 |
|---|---|---|---|
| Title | *Susan Lea v. United States* | | |

Because Plaintiff has failed to establish that she executed a valid assignment, she has not suffered an injury sufficient to establish standing. Accordingly, the Court lacks subject matter jurisdiction over her claims and cannot reach the merits.

In her Opposition, Plaintiff requests leave to amend. "It is black-letter law that a district court must give plaintiffs at least once chance to amend a deficient complaint, absent a clear showing that amendment would be futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). It is unclear whether Plaintiff may cure her lack of standing through additional allegations. Thus, it is not yet evident that amendment would be futile.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES without prejudice** Plaintiff's Complaint in its entirety.

**V.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand, and **GRANTS** Defendant's Motion to Dismiss. The Court **DISMISSES without prejudice** Plaintiff's Complaint in its entirety. Plaintiff shall have two (2) weeks from the issuance of this Order to file any amended complaint.

Further, the Scheduling Conference set for July 24, 2023, at 9:00 a.m. is vacated and will be reset as necessary.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |